## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES T. DHALLUIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-1525-M** |
| | ) | |
| **RANDALL G. WORKMAN,** | ) | |
| | ) | |
| **Respondent** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to an order entered by United States District Judge Vicki Miles LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined. For the reasons set forth below, it is recommended that the petition be dismissed without prejudice upon filing for Petitioner's failure to exhaust his available state court remedies.

By this action, Petitioner challenges the revocation of a five-year suspended sentence received in connection with his plea of guilty to the charge of driving a motor vehicle while under the influence of alcohol – second and subsequent offense. Case No. CF-2002-301, District Court of Custer County. Petition, p. 1 (<u>See</u> Judgment and Sentence on Motion to Revoke Suspended Sentence, filed Oct. 11, 2005, attached to Petition). Following the revocation, Petitioner apparently filed an application for a writ of habeas corpus with the Oklahoma Court of Criminal Appeals, and that application was dismissed on November 16, 2005, because Petitioner did not first seek relief in the district court and because challenges to a revocation must be made through the state

post-conviction process.  Case No. HC-2005-1055, Oklahoma Court of Criminal Appeals (See Order Dismissing Application for Extraordinary Relief, Nov. 16, 2005, attached to Petition). However, Petitioner later filed an application to file an appeal out of time, which was granted on January 10, 2006.  Petition, p. 2. Oklahoma State Courts Network, Docket No. PC-2005-1080 (Okla. Crim. App. Jan. 10, 2006) (accessed Jan. 23, 2006).  A check of the Oklahoma State Courts Network reveals that Petitioner has now appealed the revocation, and that appeal is still pending.  Oklahoma State Courts Network, Docket No. RE-2006-31 (Okla. Crim. App. Jan. 12, 2006) (accessed Jan. 23, 2006).

In the petition filed herein, Petitioner raises four grounds for relief.  In Ground One, he claims that the motion to revoke was not in accordance with state law in that no violation was listed, resulting in a violation of the United States Constitution and an illegal sentence.  Petition, p. 5.[1]  In Ground Two, he alleges that the state district court held a hearing on a motion to revoke his suspended sentence "without subject matter jurisdiction."  Petition, p. 6.  In Ground Three, Petitioner claims that his revocation violated the prohibition against double jeopardy.  Petition, p. 8.  Finally, in Ground Four, Petitioner alleges ineffective assistance of trial counsel. Petition, p. 11.

Title 28 U.S.C. § 2254(b)(1) requires generally that a state prisoner exhaust his state court remedies before bringing a habeas petition in federal court.  In this Circuit, a petitioner may satisfy the requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress."  Miranda

---

[1] The page references to the petition for a writ of habeas corpus are the actual page numbers and not the pre-printed page numbers, as those numbers sometimes are different.

v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (internal citations omitted).  See also 28 U.S.C. § 2254(c)  ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Furthermore, it is clear that the Petitioner bears the burden of showing that his state court remedies have been exhausted.  Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

It is clear from Petitioner's allegations and the attachments to the petition as updated by the information contained in the Oklahoma State Courts Network that Petitioner has not exhausted his state court remedies; indeed, he concedes as much in his petition.  Petition, pp. 11, 14, 15.  However, Petitioner claims that the "illegal incarceration leaves Petitioner without access to legal aid and must ask federal court for immediate help."  Id. at 14.  This claim does not excuse exhaustion, however, because it does not satisfy the requirement that Petitioner show either (1) a state appellate court has had the opportunity to rule on the same claim presented in federal court; or (2) that at the time he filed his federal petition, he had no available state avenue of redress. Miranda, 967 F.2d at 398; see also  28 U.S.C. §2254(b)( 1)(B)(I) and (ii).  Petitioner's incarceration obviously has no impact on where he presents his claims.  Moreover, Petitioner is represented by counsel in his revocation appeal, whereas he appears pro se in this action, further undercutting his conscious decision to bring this unexhausted federal habeas action.  Accordingly, the undersigned recommends that the habeas

petition be dismissed without prejudice to refiling after Petitioner exhausts his state court remedies.

### RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed without prejudice on filing for Petitioner's failure to exhaust his available state court remedies.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 20, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

**ENTERED this 30th day of January, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE