# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES T. DHALLUIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-05-1525-M |
| | ) |
| RANDALL G. WORKMAN, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is petitioner's Motion to Appoint Counsel, filed January 31, 2006. The appointment of counsel under 28 U.S.C. §1915(e) is a matter within the discretion of the district court. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). In deciding whether to appoint counsel, the court should consider the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Having carefully reviewed petitioner's motion and the case file, and having considered the above-referenced factors, the Court finds that appointment of counsel is not warranted in the instant case. Specifically, the Court finds that the case at bar is not an unusually complex habeas case and that petitioner is quite capable of presenting his claims.[1]

---

[1] In his motion, petitioner notes that he has minimal access to legal materials and that this access is not sufficient to prepare his objections to the Report and Recommendation. The Court would note that petitioner may file a motion for extension of time to file his objections to allow him sufficient time to prepare his objections.

Accordingly, the Court DENIES petitioner's Motion to Appoint Counsel [docket no. 9].

**IT IS SO ORDERED this 13th day of February, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE